# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT, MARCH TERM, 1837.

[PHILADELPHIA, APRIL 3d, 1837.]

## KRAUSE and Others *against* REIGEL.

IN ERROR.

Where land had been sold by A. and B., executors, under a power in the will, and the executors were also sons-in-law of the testator, and at the time of the sale it was known to the vendee that the land was partly overflowed by a dam erected by C., it was *held* that the executors were competent witnesses for the vendee in an action against C. to recover damages for overflowing the land, although part of the purchase money remained unpaid; there being no covenant of warranty, and no fraudulent misrepresentation on the part of the executors.

THIS was a writ of error to the Court of Common Pleas of Lehigh County, to remove the record of an action on the case brought by Benjamin Reigel against John K. Krause, John Redrock, and others, for overflowing his land, and obstructing and impeding the water-wheel of his grist-mill, by erecting a dam across the Lehigh creek, immediately below his property.

On the trial before BANKS, President, in September 1836, the plaintiff gave in evidence, a deed to him from Henry Diffendaffer and Jacob Marks, executors of Peter Kohler, deceased, for the mill and tract of land, for the injury to which the above suit was brought; and then called Henry Diffendaffer as a witness, who was objected to, and being sworn on his *voire dire*, said : " I am one of the executors of Peter Kohler deceased. I married one of his daughters, who is now living. I sold this property to Reigel, as one of the executors of Peter Kohler, deceased. Old Mrs. Kohler has a dower on the property, the principal of which is to be paid to the heirs of Peter Kohler after her death. We have not indemnified Reigel : Reigel has not given us any notice of his intention to withhold part of the purchase money. At the time we sold the property to Reigel he objected that the defendant's dam swelled on the land. I told him he need not allow it. I said the defendant had no right to swell on Kohler's land. I said he need not allow the dam to swell on the land at the time the property was sold, not that we should clear it for him. My wife is an heir in the will of Peter Kohler, as well as Kohler's other children."

To show the interest of the witness, the defendants read the will of Peter Kohler, which empowered the executors to sell all his real estate, excepting a house and lot of ground, during the natural life of his wife, subject nevertheless to the sum of 2800 dollars, "which I do hereby declare to be in lieu of dower at common law, on such part or parts of my real estate, as my said executors or the survivor of them will think proper ; and the interest therefrom to be paid to my said wife during her natural life annually." The testator then directed that the house and lot, and the other specific property theretofore given to his wife, by his will, should after her death be sold by his executors. " And the moneys arising from such sales, together with the dower of 2800 dollars, I do order and direct the same to be divided in seven equal shares—one share to my daughter Magdalena, intermarried with Jacob Marks ; one share to my daughter Elizabeth, intermarried with Henry Diffendaffer, &c. share and share alike ; and lastly, I nominate, constitute and appoint my two sons-in-law, Henry Diffendaffer and Jacob Marks, to be the executors of this my will."

The witness was admitted to testify : to which the defendants' counsel excepted ; and his co-executor, Jacob Marks, was also admitted, and exception in like manner taken.

A verdict having been given for the plaintiff, the defendants took a writ of error ; and on the removal of the record, assigned for error the admission of the evidence.

Mr. *Gibson* and Mr. *Mallery* for the plaintiff in error, cited *Funk* v. *Brown*, (2 *Watts*, 217.) *Morris* v. *Buckley*, (11 *Serg. & Rawle*, 174.) *Hart* v. *Porter*, (5 *Serg. & Rawle*, 204.) *Gratz* v. *Ewalt*,

(Krause v. Reigel.)

(2 *Binn.* 102.) *Miller* v. *Frazier*, (3 *Watts*, 456.) 1 *Phillips' Evd.* 47. 51.

The Court declined hearing Mr. *Porter* for the defendant in error.

PER CURIAM.—In *Lighty* v. *Shorb*, (3 *Penns. Rep.* 452,) it is given as the result of the cases, that a vendee may not avail himself of a known defect in the title, except by force of a covenant, or on the ground of fraudulent misrepresentation. Here, whatever defect there may be, was seen and observed by the purchaser, who took no covenant against it, and consequently took the risk of it on himself. He might not, therefore, retain a part of the purchase money to answer it. As to misrepresentation, it does not appear that the vendors did not say the truth, or at least think they said it; and it is certain that a contingent exposure to an action, is too remote an interest to disqualify. They were consequently competent witnesses.

Judgment affirmed.